UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

PHIL ANDERSON HOLDINGS (II), INC., a foreign corporation,

        Plaintiff,

v.                                   Case No. 2:14-CV-428-FtM-29DNF

FRANZ J. ROSINUS,

        Defendant.
_____/

## PLAINTIFF'S PARTIALLY UNOPPOSED MOTION FOR REMAND WITH INCORPORATED MEMORANDUM OF LAW (OPPOSED AS TO ATTORNEY'S FEES AND COSTS UNDER 28 U.S.C. §1447(c))

Plaintiff, Phil Anderson Holdings (II), Inc. ("PAH"), hereby requests that this Court enter an Order remanding this case to state court and award PAH its costs and fees incurred in the filing of the motion pursuant to 28 U.S.C. §1447(c) and in support thereof states as follows:

1. On May 13, 2014, PAH filed a complaint in the Circuit Court for the Twentieth Judicial Circuit, in and for Lee County, Florida against Franz J. Rosinus ("Circuit Court Complaint").

2. The Circuit Court Complaint contains one count for Breach of Note based solely on state law against the Defendant.

3. The Circuit Court Complaint does not alleges a federal question or contain a federal defendant.

4. Defendant's Notice of Removal alleges that he is a Florida Resident[1] (Dkt. 1, ¶6).

---

[1] In determining diversity jurisdiction, the citizenship of the parties is the relevant matter rather than residence. While the Defendant refers to Florida as his residence rather than domicile or state of citizenship, the civil cover sheet reflects that the Defendant is a citizen of the State of

5. However, on his Civil Cover Sheet filed with this Court, the Defendant clearly states that he is a citizen of Florida (Dkt. 1-2, Part III).

6. As the Defendant is a citizen of the State of Florida, the Forum Defendant Rule bars federal jurisdiction.

7. The Forum Defendant Rule is codified in the removal statute:

A civil action otherwise removable solely on the basis of jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.

28 U.S.C. §1441(b)(2).

8. The rule's application is clear in this case. The Defendant is a citizen of the State of Florida and PAH brought its lawsuit against the Defendant in the State of Florida.

9. Based on these undisputed facts, the Forum Defendant Rule applies and this case should be remanded.

10. Moreover, 28 U.S.C. §1447(c) provides that an order of remand to state court "may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."

11. Where the removing party lacks an objective reasonable basis for seeking removal, a court should award attorney fees under the statute. Martin v. Franklin Capital Corp., 546 U.S. 132, 141 (2005).

---

Florida. To the extent the Defendant contends that he is not a citizen of the State of Florida, ~~when removal is contested, the burden of proving jurisdiction by a preponderance of the~~ evidence falls squarely upon the moving party and any doubts must be resolved against the moving party. See Williams v. Best Buy Co., Inc., 269 F.3d 1316, 1319 (11th Cir. 2001); Tapscott v. MS Dealer Service Corp., 77 F.3d 1353, 1356 (11th Cir. 1996); Stan Winston Creatures, Inc. v. Toys "R" Us, Inc., 314 F.Supp. 177, 179 (S.D.N.Y. 2003).

12. In the present matter, the Defendant has no objectively reasonable basis for removal. Defendant is aware of his citizenship, defendant is the sole defendant in the Circuit Court Complaint, and the Forum Defendant Rule is clear and contained explicitly in the statute.

13. Removal in this case was clearly inappropriate and a substantial waste of judicial and party resources. The process of removing a case and remanding it back to state court delays resolution of the case, imposes additional costs on both parties and wastes judicial resources.

14. Assessing the costs and fees on remand is appropriate to reduce the attractiveness of removal as a method of delaying the litigation and imposing costs on the Plaintiff.

15. On August 6, 2014, Plaintiff's counsel conferred with Defendant's counsel, David Schnitzer, in a good faith effort to resolve the issues raised in the motion. Mr. Schnitzer informed Plaintiff's counsel that he would prefer that Plaintiff's counsel talk with his co-counsel, John C. Clough, prior to filing the motion, that Mr. Clough was out of town and requested that Plaintiff's counsel hold off filing the motion until he was available.

16. Mr. Clough was not available until August 12, 2014 at 5:00 p.m. At that time, he agreed to the remand, but disagreed to fees and costs, and requested to see the motion prior to filing to make sure his position was adequately represented.

17. After the call, Plaintiff's counsel immediately forwarded the motion to Defendant's counsel who failed to respond that it was accurate.

18. Plaintiff's counsel followed up with additional e-mails requesting confirmation of the Rule 3.01(g) certificate.

19. On August 13, 2014, Plaintiff's counsel informed Defendant's counsel that the ~~motion would be filed since he had not replied.~~

20. On August 14, 2014, Defendant's counsel notified Plaintiff's counsel that he had filed a motion with the Court, but had not provided a copy to the undersigned.

21. Defendant's counsel's action in delaying the filing of the motion, so that it could file a document first in an attempt to avoid fees has increased the Plaintiff's attorney's fees for which it should be compensated despite its recently filed document.

WHEREFORE, PAH requests that the Court enter an Order remanding the case to the Circuit Court for the Twentieth Judicial Circuit, in and for Lee County, and awarding PAH its reasonable costs and attorney's fees.

BRENNAN, MANNA & DIAMOND, P.L.
3301 Bonita Beach Road, Suite 100
Bonita Springs, FL 34134
Telephone:     (239) 992-6578
Facsimile:     (239) 992-9328
E-Mail:        ebaxter@bmdpl.com

Attorneys for Plaintiff

By: /s/ Elinor E. Baxter
    Elinor E. Baxter
    Florida Bar No: 981710

## RULE 3.01(g) CERTIFICATE

Plaintiff's counsel has conferred with Defendant's counsel in a good faith effort to resolve the issues raised in the motion, and Defendant's counsel is agreeable to the remand, but opposes any award of fees and costs pursuant to 28 U.S.C. §1447(c).

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 14th day of August, 2014, the foregoing was submitted for filing to the Clerk of the District Court by using the Case Management/Electronic Case Filing ("CM/ECF") system, which will send a Notice of Electronic Filing to the following CM/ECF participants:

John C. Clough
Zung Clough
8985 Fontana Del Sol Way
Naples, FL 34109
jclough@zungclough.com

*Counsel for Defendant Franz J. Rosinus*

                                          BRENNAN, MANNA & DIAMOND, P.L.
                                        3301 Bonita Beach Road, Suite 100
                                        Bonita Springs, FL  34134
                                        Telephone:    (239) 992-6578
                                        Facsimile:     (239) 992-9328
                                        E-Mail:          ebaxter@bmdpl.com

                                        Attorneys for Plaintiff

                                        By: /s/ Elinor E. Baxter
                                            Elinor E. Baxter
                                            Florida Bar No: 981710