```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                        FORT MYERS DIVISION
```

PHIL ANDERSON HOLDINGS (II)
INC., a foreign corporation,

       Plaintiff,

v.                                   Case No: 2:14-cv-428-FtM-29DNF

FRANZ J. ROSINUS,

       Defendant.

_____

## ORDER

This matter comes before the Court on defendant's Reply to Order [Doc. #4] and Consent to Remand to State Court (Doc. #7) filed on August 13, 2014, and plaintiff's Partially Unopposed Motion for Remand (Opposed as to Attorney's Fees and Costs Under 28 U.S.C. § 1447(c)) (Doc. #8) filed on August 14, 2014.

On August 6, 2014, the Court issued an Order (Doc. #4) directing defendant to file a Supplement to the Notice of Removal to show subject-matter jurisdiction was indeed present as the Notice of Removal (Doc. #1) was deficient. In response, defendant states that although he thought plaintiff was a corporation, he later learned that plaintiff is the managing member of a Florida limited liability company and its principal is the managing member of another Florida limited liability company. (Doc. #7.) Therefore, defendant concedes that the case should be remanded because no diversity of citizenship is present.

Plaintiff agrees to the remand but seeks attorney's fees and costs for the removal pursuant to 28 U.S.C. § 1447(c)[1], and with opposition. Plaintiff argues that the case was clearly not removable because defendant is a Florida citizen and therefore the "forum defendant rule" prohibited removal. 28 U.S.C. § 1441(b). The forum defendant rule is a non-jurisdictional defect, <u>Courtney v. BLP Mobile Paint Mfg. Co, Inc.</u>, CIV.A. 12-0318-WS-C, 2012 WL 5869120, *1-2 (S.D. Ala. Nov. 19, 2012)(collecting cases), and defendant promptly agreed to a remand upon issuance of the Court's Order and shortly after removal. As there was no significant delay and the Court cannot say that there was no objectively reasonable basis for removal, the Court will exercise its discretion and deny the request for fees and costs. <u>See</u> <u>Martin v. Franklin Capital Corp.</u>, 546 U.S. 132, 141 (2005) (absent unusual circumstances, attorney fees should not be awarded when the removing party has "an objectively reasonable basis for seeking removal.").

Accordingly, it is hereby

**ORDERED:**

1. Plaintiff's Partially Unopposed Motion for Remand (Opposed as to Attorney's Fees and Costs Under 28 U.S.C. § 1447(c))

---

[1] "An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c).

   (Doc. #8) filed on August 14, 2014 is **GRANTED in part and DENIED in part.** The motion is granted as to the remand and denied as to the request for attorney's fees and costs.

2. The Clerk is **directed** to remand the case to the Circuit Court of the Twentieth Judicial Circuit, in and for Lee County, Florida, and to transmit a certified copy of this Order to the Clerk of that Court.

3. The Clerk is further **directed** to terminate all pending motions and deadlines and to close this case.

   **DONE and ORDERED** at Fort Myers, Florida, this ___14th___ day of August, 2014.

_____<br>
JOHN E. STEELE<br>
UNITED STATES DISTRICT JUDGE

Copies:
Counsel of Record